[Civ. No. 18417.   Second Dist., Div. One.   Nov. 1, 1951.]

DAISY LOUCKS, as Executrix, etc., et al., Respondents, v. LOUIS LUCKEL, Appellant.

Louis Luckel and John F. Poole for Appellant.

Ingram & Sharritt and Inez Sharritt for Respondents.

DORAN, J.—The action herein is one to foreclose a trust deed in the sum of $1,400 executed by the appellant Luckel to one Nellye B. McLachlan, deceased. The trial court found in favor of respondents in the amount claimed, together with interest of $525 and an attorney fee of $350.

In 1942 Luckel had executed a note to Nellye B. McLachlan, secured by a mortgage, in the sum of $700, bearing interest at 7 per cent. On June 15, 1944, McLachlan accepted a new note for $1,400 with 6 per cent interest, secured by the trust deed here involved. It is the appellant's contention that there was no consideration for the execution of the larger note and trust deed other than the former debt of $700, and that the $700 debt had been fully discharged by payment. Appellant claims that the larger amount was inserted to cover any additional loans which might be made, but that no other money was ever advanced by Mrs. McLachlan.

Upon objection of plaintiffs, the trial court excluded evidence offered by appellant to show payments on the ground that a claim for the payments should have been filed against the McLachlan estate. Appellant's brief, however, calls attention to the fact that Luckel was making no demand or claim as a creditor against the estate but was merely offering the evidence for the purpose of showing that the note had been paid.

On this proposition is cited section 440 of the Code of Civil Procedure providing that "When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim could have been set up, the two demands shall be deemed compensated in so far as they equal each other, and *neither can be deprived thereof by the assignment or death of the other.*" (Italics added.)

Also cited as authority for appellant's contention that evidence of payment was admissible notwithstanding no claim had been filed against decedent's estate, is *Pendleton* v. *Hellman Com. etc. Bank,* 58 Cal.App. 448, 452 [208 P. 702], where the court held that a bank's right to apply the amount of a deposit of a deceased depositor to the payment of the depositor's promissory note owned by the bank, where the depositor's estate was insolvent, was not defeated by the bank's failure to file a claim against the estate. In that case the reviewing court said: "But in the case at bar the defense presented is not in the nature of a counterclaim. Its allegations are, in effect, that there exists no indebtedness of the defendant to the plaintiff. The bank is not seeking to collect its note from the decedent's estate."

Since it is apparent in the instant case that Luckel was not making any claim *against* the McLachlan estate but on the contrary was seeking to defeat a money claim made *by* the estate, and was merely endeavoring to prove payment of the promissory note in question, it would seem that the trial court was in error in not receiving the appellant's relevant evidence on the subject of payment.

The trial court likewise excluded certain checks proffered by the appellant for the purpose of showing payment, on the stated ground that such checks had formerly been made use of as evidence in another proceeding involving a partnership accounting. Without in any manner passing upon the question whether such checks, if received, would have established the payments claimed by the appellant and thus altered the final result, the fact that these checks had been made use of in some other legal proceeding, does not, in and of itself furnish a ground for exclusion in the instant litigation. If relevant to the question whether defendant had paid the debt in full or in part, such checks should have been received in evidence, regardless of their previous use in some other case.

Although, as stressed by respondents, the fact that the note and trust deed continued in the possession of the lender without being cancelled and released undoubtedly raised a presumption that the debt secured had not been paid, such presumption was in no manner conclusive. Bearing in mind that the parties were friends of long standing, it was entirely possible that payment might have been made and that the usual legal safeguards for the protection of the debtor were not taken. This was a question of fact, and a vital

issue in regard to which appellant should have been accorded the right to introduce evidence of payment, and this regardless of the weight or sufficiency of such evidence. Whether a different result would have ensued is beside the point. It is likewise immaterial that the record discloses substantial evidence in support of the findings. The errors in restricting appellant's evidence on the subject of payment cannot be deemed harmless.

The judgment is reversed and a new trial ordered.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied November 20, 1951, and respondents' petition for a hearing by the Supreme Court was denied December 20, 1951.