[Civ. No. 5211. Fourth Dist. Nov. 7, 1956.]

LEILAMAE HARLOW, Appellant, v. UNITED TITLE GUARANTY COMPANY (a Corporation) et al., Respondents.

Herbert C. Schulze for Appellant.

Clayson, Stark & Rothrock for Respondents.

GRIFFIN, J.—Plaintiff and appellant brought this action to cancel a deed of trust and promissory note executed by her on December 5, 1945, on the ground it was paid by certain credits due her. Defendant and respondent Citizens National Trust and Savings Bank, Riverside, is the executor of the will of Richard C. Hattan, deceased. The note and trust deed were assigned to said deceased during his lifetime. Defendant and respondent United Title Guaranty Company is the trustee under the deed of trust.

Plaintiff was an employee of deceased. Hattan owned some real estate, was in the process of subdividing it, and had sold some of the lots at the time of his death. Plaintiff claims deceased agreed to give her one-half of the net profits of the sale of lots, and on July 8, 1952, she presented her creditor's claim against the estate totaling $29,404.19, for participation

rights in sold and unsold lots, and for 59 months unpaid salary at $100 per month. The claim was rejected on July 15, 1952, and no action was commenced thereon by the plaintiff. On December 5, 1952, she commenced this action to declare a balance of $4,213.58 due on said note and trust deed, paid by virtue of this unpaid claim.

Her testimony, received over defendants' objections, was to the effect that she assisted Hattan in the preparation and sale of the subdivision lots and that he signed a written agreement that she was to have a one-half interest in the net profits; that she let Hattan have the agreement about two weeks before he died and she never saw it after that time. She claimed it "was something to the effect" that he would pay her one-half of the proceeds and $100 per month for "bookkeeping, etc.", but she "couldn't say positively"; that she discussed this agreement with Hattan on various occasions and went to his accountant with him for the purpose of preparing his income tax returns for the years 1947, 1948 and 1949; that Hattan told the accountant to set forth therein that one-half of the profits of the sale of the subdivision property was hers and that he did so; and that later, about two weeks before his death, Hattan gave her a memorandum of items "that I had paid to him through my work"; and he said "I had paid the loan." No such memorandum was produced in evidence. The income tax return does disclose that a sale of lots took place in 1947; that the accountant showed plaintiff's participation to be $3,564.67; and a deduction in this amount was taken. Also, the return for 1948 showed a similar participation for $2,600. All of these returns were prepared on a cash basis and the accountant testified this was done in accordance with the instructions of Hattan. The trust deed and note were found in the effects of the deceased with no indication that they were paid. The only notation thereon was a balance due of $4,213.58, on January 5, 1948.

Apparently the trial court disbelieved the testimony of plaintiff in reference to the execution of a written agreement allowing her one-half of the profits, and her claim that decedent agreed that the balance due on that note and trust deed had been paid. It found against her on all issues and in addition found her claim for credits was barred for failure to comply with sections 707 and 714 of the Probate Code, in not bringing an action thereon within the time required.

The only question is the sufficiency of the evidence to support this finding. ■ Since the income tax returns were

made on a cash basis showing payments of the amounts indicated to the plaintiff, we must assume the deceased obeyed the law and actually made the payments to plaintiff at the time indicated in the tax return. (Code Civ. Proc., § 1963, subd. 33.) In this connection it should be noted that the trust deed and note were not assigned to deceased until February 19, 1948, after plaintiff's claimed participation in the 1947 profits were presumably paid to her. Plaintiff testified her mother was present at the time of the claimed conversation in reference to Hattan stating that the trust deed and note were considered paid, but she was not called as a witness.

█ Since the only evidence of payment of the note is an alleged oral admission of the deceased to that effect, made two weeks before his death, the court was justified in viewing it with caution. (Code Civ. Proc., § 2061, subd. 4; *Estate of Emerson,* 175 Cal. 724, 727 [167 P. 149].) Furthermore, the note and deed of trust were in the possession of the deceased at the time of his death. It can thus be reasonably inferred that the note had not been paid, else plaintiff would have obtained possession of it. █ Retention of a note and trust deed by the lender raises a presumption that the debt is not paid. (*Loucks* v. *Luckel,* 107 Cal.App.2d 217, 219 [236 P.2d 905].) The burden of proof rested upon plaintiff to prove payment. █ The trial court is the sole judge of the weight and effect of testimony and of the credibility of witnesses, and is free to disbelieve them, even though they are uncontradicted, if there is any rational ground for so doing. (*Norgard* v. *Estate of Norgard,* 54 Cal.App.2d 82, 89 [128 P.2d 566].)

Since this finding fully supports the judgment in favor of defendants it is not necessary to discuss the merits of the other finding, i. e., that plaintiff is barred from maintaining the action under section 714 of the Probate Code or in reviewing the court's ruling in permitting plaintiff to testify under section 1880, subdivision 3, of the Code of Civil Procedure over defendants' objections, of allowing her to testify as to the contents of the alleged lost written agreement, when it was claimed by defendants there was no adequate showing of its loss or destruction or of any attempt to locate it.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.